BRADFORD CAMPBELL *vs.* LEDERER REALTY CORPORATION, *et al.*

JUNE 6 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This cause is before us on appeals from two decrees entered by the Superior Court on October 29, 1927, relative to funds in the registry of said court.

Bradford Campbell, for the benefit of himself and his father Elisha, prosecuted a case against the Lederer Realty Corporation for possession of a parcel of real estate the possession of which had been delivered to said corporation by the administrator of the estate of Elisha's father. Said administrator, acting as he supposed, in compliance with a decree of the Municipal Court of the city of Providence, executed and delivered an administrator's deed purporting to convey to said corporation title to said real estate. Said deed was, in an opinion of this court, declared to be void.— See Campbell v. Metcalf, 33 R. I. 453,—and thereafter Bradford Campbell obtained possession of said real estate. In the cause before us an accounting was had for the rents and profits of said real estate. The amount found due from said corporation was $20,400.02. In the meantime, a dispute having arisen between Bradford and Elisha as to their respective interests in the said rents and profits, Elisha had become a party to said cause and the funds so found due from said corporation were, by order of this court entered on

July 6, 1925, paid into the registry of the Superior Court to await the outcome of an accounting between Bradford and Elisha. At the conclusion of said accounting the Superior Court on May 25, 1926, entered a decree directing the clerk of said court to pay out of said funds in the registry of said court to William J. Brown, Esq., for his services as an attorney in prosecuting the cause, the sum of $4,347.65 to be deducted from Bradford's share; and the sum of $3,547.65 to be deducted from Elisha's share. The decree further directed that a certain amount be paid from said funds to Elisha and the balance to Bradford. Said decree was appealed from but was, after the lapse of considerable time, confirmed.

Between the time of the entry of said decree and the final confirmation thereof said Brown, being in need of money, induced his client, Bradford, to pay on account of attorney's fees in the cause $1,500 at one time and at other times sums amounting to $500. Bradford was also induced by said Brown to indorse his promissory note for $2,000. The indorsement was given in lieu of cash to assist Brown until the decree which had been appealed from should be confirmed. Bradford believed that the fees in the registry of the court allotted to Brown to be paid from Bradford's share were ample security for the sums paid and the liability incurred, by reason of said indorsement, and we think he was so advised by Brown.

After Brown had obtained from Bradford the payments amounting to $2,000 and the said indorsement, Brown, without the consent or knowledge of Bradford, assigned to Albion C. Cook all of Brown's interest up to $6,000 in the fees in the registry of the Superior Court. Cook was permitted to intervene as a claimant of said fees up to $6,000. At about the same time Brown filed a petition—as provided in Sec. 32, Chap. 301, G. L. 1923—to enforce against Bradford's share of the funds in the registry of said court an attorney's lien to the amount of $4,500 for services rendered olely to Bradford in the accounting and otherwise in the

litigation in this cause between Bradford and Elisha. The petition of said Cook, as claimant of said fees, and the petition of Brown to enforce a lien against Bradford's share of said funds were tried together. At the conclusion of the hearing on said petitions, the Superior Court, on October 29, 1927, entered the two decrees the appeals from which are now before us.

One decree directed the clerk of the Superior Court to pay to said claimant, Albion C. Cook, $2,452.35, "being a portion of the amount otherwise payable to said William J. Brown chargeable against the interest of the complainant Bradford Campbell in the funds involved in this cause." From this decree Bradford appealed.

He objects to the decree (1) because it directs that money ordered paid to Brown as fees from Bradford's share of the fund be paid to Brown's assignee before Bradford is reimbursed for money paid on the obligation incurred and for money paid directly to Brown on account of said fees; (2) because the decree directs the clerk of the Superior Court to pay from Bradford's share of said fund to Brown's assignee money which Bradford did not at the time of the entry thereof owe to Brown.

As the assignment by Brown to Cook was made before Bradford's liability on his indorsement on Brown's note became absolute, the trial court was of the opinion that the assignee was entitled to be paid in full before Bradford was reimbursed for money expended for Brown's use in paying said note.

The indorsement was given in lieu of cash to assist Brown until he could draw his fees from the funds in the registry of the court. There can be no doubt that when the indorsement was given there was an understanding between the parties that the note would be paid from fees allotted to Brown from Bradford's share of the fund in the registry of the court. Such being the understanding it would be inequitable to give the assignee precedence over Bradford who had done nothing to mislead the assignee. The

assignee, as claimant under Brown, is in no better position than Brown himself. Having received the amount of the note, although indirectly, from Bradford, Brown would not be entitled to receive the amount again from Bradford's share of said fund.

Bradford is entitled to receive from the fees allotted to Brown out of Bradford's share in said fund the sum of $4,095. After the payment to Bradford of said sum, Cook is entitled to receive from said fund any balance then due to Brown as fees from Bradford's share up to $2,452.35. It appears that after making said payment to Bradford the balance due Brown will be insufficient to make full payment of Cook's claim.

The other decree provides in part as follows: "1. That said William J. Brown is entitled to reasonable compensation for the services performed for said Bradford Campbell as referred to in said petition. 2. That the reasonable value of the services of said William J. Brown is the sum of $3,500. 3. That the amount to which said Bradford Campbell is entitled by way of credit or set-off is the sum of $4,095. 4. That said petition for lien is denied and dismissed. 5. That the amount of the excess of credit or set-off, *i. e.*, the sum of $595, shall be chargeable in favor of said Bradford Campbell against the amount ordered to be paid to the said William J. Brown under the decree heretofore entered in this cause on the 25th day of May 1926." From said decree both Bradford and Brown appealed.

Brown objects to the decree (1) because it awards for his services only $3,500 instead of $4,500; (2) because the decree charges against the fees ordered paid to Brown the credits to which Bradford was found to be entitled; (3) because the decree provides that the sum found due Bradford is chargeable against the amount ordered to be paid to Brown as fees; (4) because the decree provides that Brown is not entitled to a lien for any amount.

Bradford objects to said decree because (1) it provides that Brown is entitled to further compensation for his services and because the decree fixes the value of said services at $3,500.

The fund obtained from the Lederer Realty Corporation was paid into the registry of the Superior Court in compliance with a decree of this court entered for the protection of Elisha and Bradford. Brown did nothing to bring about the sequestration of the funds. Bradford naturally objected to depositing his own half of the rentals which he had virtually collected as trustee for himself and his father. In spite of the protests of Brown, the fund was ordered paid into the registry of the Superior Court. Having ordered the funds paid into the registry of the court for the protection of the claimants, it seems equitable and highly appropriate that we protect Bradford as to those funds to the end that he may not be required, after once paying his attorney, to pay the same bill again to the attorney's assignee out of Bradford's share of the funds in the registry of the Superior Court. The payment of $1,500 by Bradford to Brown was made from funds which the Superior Court, by permission of this court, permitted Bradford to draw from his share of said funds in order that he might make a payment to his attorney who could not at that time by reason of the appeal, obtain the fees ordered paid to him from the funds in the registry of the court. By permitting Bradford to draw from his share of said funds for the purpose of making a payment to Brown, we, indirectly, created a situation calling for an accounting between Bradford and Brown relative to the fees which had been ordered paid to Brown by the decree which was the subject of appeal at the time we authorized the Superior Court to permit Bradford to withdraw a portion of his share of the funds.

Whatever may be the rights of an attorney in opposition to his client by virtue of Sec. 32 of said Chapter 301, in a judgment obtained through the efforts of the attorney, we are of the opinion that when we have taken funds away

from the client by directing that the funds be deposited in the registry of a court for the protection of the claimants, we are not required by said section to permit the funds, which are subject to our control, to be subjected to a lien in favor of the client's attorney. In the case before us it is our opinion that it would be inequitable to do so. We are more strongly of the latter opinion by reason of the fact that no suggestion is made that the client is financially irresponsible or that it may be impossible to satisfy an execution which may be obtained against him. A dispute has arisen between an attorney and his client and if they can not adjust their differences it appears to be particularly appropriate in this instance that the attorney resort to an action at law to determine whether he has a just claim for services against his client and, if so, the amount due.

The appeal of Brown from the decree fixing the value of his services and the amount of credits to which Bradford is entitled is denied. The appeal of Bradford from said decree is sustained and the decree is modified—without prejudice to any rights of Brown to maintain an action at law against Bradford to recover for legal services—by striking out the 1st, 2nd, and 5th paragraphs thereof. In all other respects said decree is affirmed. The appeal of Bradford from the decree directing the clerk of the Superior Court to pay Albion C. Cook or his solicitor of record the sum of $2,452.35 is sustained, and said decree is modified by striking out the order directing the clerk of the Superior Court to pay to Albion C. Cook $2,452.35 and substituting in lieu thereof an order on said court to pay to said Cook or his solicitor of record the balance of any sum in the registry of said court due William J. Brown as fees allotted to him from Bradford's share of the fund in the registry of said court, after first paying to said Bradford Campbell, from funds due said William J. Brown as fees allotted to him from said Campbell's share in the fund in the registry of said court, the sum of $4,095.

The parties may, on June 19, 1928, present for our approval forms of decrees, in accordance with this opinion to be entered in the Superior Court.

*Henry M. Boss, Jr.*, for complainant.

*William J. Brown, pro se.*

*Hinckley, Allen, Tillinghast & Phillips*, for intervener.